# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**EMENE TINCEL,**

      **Plaintiff,**

v.                                               Case No: 6:22-cv-1883-WWB-DCI

**SECRETARY, DEPARTMENT OF**
**HOMELAND SECURITY and**
**DIRECTOR, U.S. CITIZENSHIP AND**
**IMMIGRATION SERVICES,**

      **Defendants.**

## ORDER

On July 22, 2021, U.S. Citizenship and Immigration Services (USCIS) denied Plaintiff's I-485 Application to Register Permanent Residence or Adjust Status. Doc. 1 at 1; Doc. 1-1 (the July 22, 2021 decision). On October 13, 2022, Plaintiff filed the Complaint in the instant case seeking review of the July 22, 2021 decision pursuant to the Administrative Procedure Act. Doc. 1. Defendant has filed a Motion to Dismiss the Complaint for lack of subject matter jurisdiction or, alternatively, failure to state a claim. Doc. 11 (the Motion to Dismiss). In addition—though Defendant does not move for dismissal on this basis—the Motion to Dismiss reflects that, after Plaintiff filed the Complaint, USCIS reopened Plaintiff's Form I-485 and, on November 21, 2022, issued a new written decision of denial. Doc. 11 at 5. Further, on November 2, 2022, USCIS vacated the July 22, 2021 decision effective November 2, 2022. Doc. 11-3. Plaintiff's Response to the Court's Order to Show Cause confirms that USCIS vacated the July 22, 2021 decision after Plaintiff filed the Complaint. Doc. 13 at 2.

While Plaintiff contends that USCIS's July 22, 2021 denial and the November 21, 2022 denial "are one in the same," the undersigned is not so convinced at this juncture. Compare Doc. 1-1 with 11-4. Even if they were identical—and they are not[1]—it appears that the appropriate course of action is to allow Plaintiff leave to amend the pleading to set forth allegations related to the USCIS decision that is still operative. This is not to say that the Court's decision will rise or fall on whether the July 21, 2021 or November 22, 2022 applies, but the Complaint's request for review of the July 21, 2021 decision is now moot.

The Court notes that even though Plaintiff filed a Response to the Motion to Dismiss at the Court's direction, Plaintiff seems to agree that amendment is appropriate considering the new USCIS decision. Doc. 13 at 7. Specifically, Plaintiff did not file an appropriate motion for leave to amend pursuant to Local Rule 3.01(a), but within the Response to the Order to Show Cause, Plaintiff asked the Court's permission to file a Response to the Motion to Dismiss or leave to file an amended complaint. *Id*. The Court directed Plaintiff to file a response to the Motion to Dismiss

---

[1] In the Complaint, Plaintiff's specific challenge relates to the following language from the July 22, 2021 decision:

> Because you are unable to show that you were inspected and admitted or paroled, or that you are exempt from that requirement, you are ineligible as a matter of law to adjust status in the United States…. Therefore, USCIS must deny your Form I-485.

Doc. 1 at 8.

That language is not in the November 22, 2021 decision. Instead, the USCIS concluded:

> Therefore, because you are not an arriving alien and you remain subject to removal proceedings that have not been terminated or concluded, USCIS does not have jurisdiction over your application for adjustment of status.

Doc. 11-4.

(Docs. 14, 15) but upon consideration of the arguments raised in the Motion to Dismiss, Response, the Reply, and the attached exhibits, the Court has determined that leave should be given. Docs. 11, 15, 18. *See* Federal Rule of Civil Procedure 15(a) (courts "should freely give leave [to amend] when justice so requires.")

Accordingly, **on or before April 24, 2023**, Plaintiff is directed to file an Amended Complaint in accordance with this Order. The failure to do so within the allotted time may result in the dismissal of this case without further notice.

**ORDERED** in Orlando, Florida on April 14, 2023.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE